ORILLA C. BIXBY v. MUZZY J. GOSS ET AL.

*Township drains—Notice.*

1. Proceedings to lay out a township drain, assess compensation and levy the drain tax are absolutely void as against a non-resident owner who is neither named in the proceedings nor notified thereof, and whose husband is treated as the owner.

2. Notice is necessary to jurisdiction in proceedings to run a township drain.

3. Certiorari lies to review township drain proceedings where the defects go to the jurisdiction.

Certiorari to township drain commissioners.    Submitted June 19.   Decided Sept. 23.

*Olds & Robson* for plaintiff in certiorari.

COOLEY, C. J.   This is a proceeding by certiorari, the purpose of which is to set aside the action of a township drain commissioner in laying out a township drain, assessing compensation to parties whose land was taken, and assessing a tax to cover the cost of the land and the drain.

Plaintiff is a non-resident of the State, and is nowhere named in the proceedings.   Her husband is named, however, and it is assumed that he is owner of a quarter section of land which includes the land owned by the plaintiff.   The assessment of compensation for land taken, and also of the tax laid for benefits, is made to the husband.   Plaintiff, in the affidavit for certiorari, says that she had no notice, actual or constructive, of any of the proceedings while they were

pending; and the record does not show that any was given. This being the case, the proceedings, as to this plaintiff, were absolutely void.   The failure to give notice so that the parties concerned may have an opportunity to be heard in the proceedings is not to be deemed a mere error or informality, but as depriving the commissioner of jurisdiction to take further steps.   The statute (How. Stat. § 1730) is therefore not applicable.

The proceedings must be quashed but without costs.

The other Justices concurred.