WEBBER LUMBER & SUPPLY COMPANY *vs.* FRITZ H. ERICKSON
& others.

Worcester. September 29, 1913. — October 25, 1913.

Present: RUGG, C. J.. MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Mechanic's Lien. Husband and Wife.*

A mechanic's lien cannot be established upon real estate owned by a husband and
wife as tenants in common for materials bought from the petitioner by a con-
tractor, who was engaged in the construction of the building under a contract
made by him with the husband and wife as tenants in common, if the "notice
in writing to the owner of the property to be affected by the lien" of an intention
to claim the lien, which by R. L. c. 197, § 3, is required to be given before the
lien can attach, was directed to and served upon the husband alone.

PETITION, filed on October 9, 1912, under R. L. c. 197, to estab-
lish a lien for building material furnished to one Niskanen under a
contract in writing made by him with the petitioner, to be used
in the construction of a building for the respondents Fritz H.
Erickson and Annie Sophia Erickson, his wife, who were the
owners of the land on which the building was erected. The
Fidelity Co-operative Bank, the mortgagee under a mortgage
made by the respondents Erickson, was admitted as a respondent.

In the Superior Court the case was heard by *Hall,* J., without
a jury, upon an agreed statement of facts, which contained the
facts that are stated in the opinion. The judge found for the
respondents Erickson, and a judgment was entered for these re-
spondents, from which the petitioner appealed.

The case was submitted on briefs.

*C. A. Batchelder,* for the petitioner.

*D. I. Walsh, T. L. Walsh & C. B. O'Toole,* for the respondents
Erickson.

*S. W. Miller,* for the respondent Fidelity Co-operative Bank.

HAMMOND, J. One of the grounds of the defense is that the
alleged lien never attached. The solution of the question hinges
upon the sufficiency of the notice. If the notice was sufficient
then the lien attached.

The materials were not purchased by the respondents, who were

tenants in common of the fee of the real estate in question, but were furnished to one Niskanen, apparently a contractor engaged in the construction of the building. No lien, therefore, could attach unless the petitioner, before furnishing the materials, gave a notice in writing to "the owner of the property to be affected by the lien" of an intention to claim a lien. R. L. c. 197, § 3. The notice actually given was directed to Fritz alone, one of the tenants in common, and was served upon him alone. It stated that at the request of Niskanen the materials were to be used upon a building "for you upon your land on Elizabeth Street this city," and gave notice that a lien would be claimed "upon the premises" for all materials so furnished. Fritz neither as a tenant in common nor as the husband of Annie Sophia had authority to accept service for her, nor is any authority to that end shown in the agreed statement of facts. See *Street Lumber Co.* v. *Sullivan,* 201 Mass. 484. She, therefore, did not receive the notice necessary for the establishment of a lien against her interest in the real estate, and therefore the lien claimed never attached to her interest. And that would be so whether the authority for the work came from her and Fritz, or from him alone.

But it is contended by the petitioner that the notice to Fritz is sufficient at any rate to bind his interest, which was an undivided half. The term "owner" as used in the first and third sections of the statute does not necessarily mean the owner in fee. It means the person by whose authority the work is done. And it may be that if such person be the owner of any legal interest in the land which is capable of being conveyed or of being taken on execution, that interest may be subjected to a lien under the statute. R. L. c. 197, §§ 1, 3 and 32. *Peabody* v. *Eastern Methodist Society of Lynn,* 5 Allen, 540. *Kirby* v. *Tead,* 13 Met. 149. *Forbes* v. *Mosquito Fleet Yacht Club,* 175 Mass. 432. And if it appeared from the record that the work was being done by the authority of Fritz alone, or in other words, that he and he alone was the owner within the meaning of the term as used in the first and third sections, then much could be said in favor of the petitioner's contention. But the record does not show that the work was authorized by him alone. On the contrary the fair inference is that both Fritz and his wife were erecting this building as tenants in common; and the judge may have so found. It is

manifest that upon such a finding any lien for labor would be upon the whole land and not upon the undivided interest of the tenants. And the same must be the case with a lien for materials. The lien created either for labor or materials must be held to cover the whole interest of those by whose authority the work is done. To that kind of lien and to that kind alone is either the laborer or materialman entitled. And it is not in the power of either to change the nature of the lien, or to enlarge or diminish the interest to which by the statute it is to attach. It is clear that the notice was fatally defective and therefore that the lien never attached.

Nor is there anything in the record to show that either of the respondents is estopped to set up this defense.

It becomes unnecessary to consider the nature and effect of the release out of which the other ground of defense arose.

*Judgment affirmed.*