PINTE v. WILL INVESTMENT CO.

COHEN v. SAME.

1. MECHANICS' LIENS—RIGHT TO DEFEND AGAINST UNJUST CLAIMS.
   In proceedings to enforce mechanics' liens, lumber company which secured deed of premises from owner and gave surety bond for discharge of certain liens (3 Comp. Laws 1915, § 14802) could, with its surety, defend against establishment of any unjust claims.

2. SAME—FAILURE TO FURNISH STATEMENT FATAL TO LIEN.
   Failure to furnish owner sworn statement as required by 3 Comp. Laws 1915, § 14799, was fatal to lien.

3. SAME—ESTOPPEL—OWNER MISLEADING LIENOR ESTOPPED TO TAKE ADVANTAGE OF MISTAKE.
   Owner, who had full benefit of labor and materials furnished by lienor, is estopped to take advantage of mistake in statement of lien due to its misleading statements to lienor as to party with whom he was dealing, and grantees of owner are in no better position.

4. APPEAL AND ERROR—PLEADING—AMENDMENT ON APPEAL PERMISSIBLE.
   Amendment of plaintiff's bill in Supreme Court to conform to proofs is permissible, where defendants' answer shows that they had full knowledge of true facts.

5. MECHANICS' LIENS—SERVICE OF STATEMENT.
   Objections to service of statement of lien and that it was not filed within statutory time, *held*, to be without merit.

Appeals from Wayne; Jayne (Ira W.), J. Submitted October 23, 1929. (Docket No. 66, Calendar No. 34,562.) Decided January 24, 1930. Rehearing denied April 7, 1930.

Bill by Lui Pinte and another against Will Investment Company and others for specific perform-

ance of a contract to convey land. Bills by Louis Cohen and others against Will Investment Company and others to foreclose mechanics' liens. Cross-bill by William Retty, a lienholder, against Will Investment Company to foreclose a mechanic's lien. From a decree granting foreclosure to plaintiff Cohen and dismissing Retty's cross-bill, Jacob C. Judson, assignee of Will Investment Company, and Retty appeal. Affirmed.

*Benjamin B. Gordon,* for plaintiff Louis Cohen.

*Hugh C. Chedester,* for defendant William Retty.

*C. H.* and *G. M. Lehman,* for defendant Jacob C. Judson and American Employers Insurance Company.

CLARK, J. These consolidated suits involve foreclosure of two mechanics' liens. The lien of Louis Cohen was sustained and foreclosure decreed, from which Jacob G. Judson and the surety on his bond for discharge of lien (3 Comp. Laws 1915, § 14802) have appealed. Foreclosure of lien of William Retty was refused, and he has appealed.

Lui Pinte and Florea Pinte owned a lot on which they wanted to build a house. By absolute deed they conveyed the lot to Will Investment Company, a corporation, of which Frank Will was an officer and acting manager. The corporation agreed in writing with the Pintes to build a house on the lot, and, when it was completed, to give them back a land contract with value of the lot credited as down payment. The corporation was given the right to mortgage the property, which it did. The house was built, but, laborers and material not being paid, a number of mechanics' liens were filed, the largest being that

of the Judson Lumber Company. Mr. Judson, it is said, attempted composition. He secured a deed of the property from the Will Investment Company, the discharge of certain liens, and he bonded off, as has been said, the two liens first above mentioned. The Pintes entered into a contract to purchase the property from Judson.

The Will Investment Company, with respect to building the house, was the owner; it had absolute deed and record title; it had right to mortgage which it exercised; it had right to the full possession which it enjoyed. No one here can dispute it. Judson gave the lien discharge bond as owner because of his deed from Will Investment Company. The Pintes accepted land contract from Judson. The two liens claimants before us ask decree against Judson and his surety. Judson and his surety may defend here against the "establishment of any unjust claim." *Grace Harbor Lumber Co.* v. *Ortman,* 190 Mich. 429.

Contention of the lienors that, upon taking deed of the property from Will Investment Company, Judson assumed and agreed to pay the lienors, may be answered by saying that the letter of the corporation to Judson which accompanied the deed is expressly to the contrary. Moreover, these suits are not to recover on any such undertaking, but to foreclose the liens and to recover against the bond discharging them.

*Retty Lien:* The statement of lien and the bill to enforce it state that the lienor furnished labor and materials under contract with the owner, Will Investment Company. No sworn statement was made and given the owner as required by 3 Comp. Laws 1915, § 14799. This is fatal to the lien. *Netting Co.* v. *Touscany,* 247 Mich. 279.

*Cohen Lien:* This lienor in his statement of lien says that he furnished certain labor and materials for the house "in pursuance of a certain contract with Frank Will, the contractor," and "that there is justly and truly due to Louis Cohen therefor from the said Frank Will, over and above all legal set-offs, the sum," etc., and he "claims a lien on said land and building, of which Will Investment Company is the owner of record and Lui Pinte and Florea Pinte, his wife, claim an interest in such premises," describing them. The allegations of the bill for foreclosure are of like tenor. The evidence shows beyond question that Frank Will was not the contractor. It shows lienor furnished labor and material directly to Will Investment Company, the owner. Cohen has done the job. He ought to be paid unless some inflexible provision of law forbids. Frank Will asked Cohen to meet him. They met, and Will said "I have a job for you." They agreed orally on what was to be done and the price. It is not controverted that throughout the matter Cohen believed he had contracted with Will. He was misled by Will, officer and manager of the affairs of the corporation. In effect, he was misled by the corporation, the owner. It has had full benefit of his labor and materials. It is estopped to take advantage of Cohen's mistake in his statement of lien, and Judson and his surety, who now stand in the shoes of Will Investment Company, are in no better position. *Waters* v. *Johnson,* 134 Mich. 436; *Grand River Lumber & Coal Co.* v. *Glenn,* 234 Mich. 310. Cohen alleged a contract with Frank Will. The evidence conclusively shows a contract with Will Investment Company. The proofs are at variance with some allegations of Cohen's bill, and the point of

variance is raised. The answer of Judson and his surety shows they had full knowledge of the true facts. Cohen ought to have opportunity to amend his bill. The cause might be remanded for that purpose, but we see no reason for it. The facts are fully developed in the record. We will permit amendment here. We find other objections to this lien, including that relating to service of the statement and that it was not filed within statutory time, to be without merit. The lien was properly sustained.

Decree affirmed. Cohen will have costs against Judson and his surety, and they will have costs against Retty.

WIEST, C. J., and BUTZEL, POTTER, SHARPE, FEAD, and NORTH, JJ., concurred. McDONALD, J., took no part in this decision.