NURMI v. BEARDSLEY.

1. MECHANICS' LIENS—SWORN STATEMENT—PURPOSE.
   Purpose of statute requiring sworn statement from original con-
   tractor as to sums due subcontractors, laborers and material-
   men before drawing money from owner, part owner or lessee
   is to enable latter to retain sufficient funds to pay outstanding
   debts as shown by statement (3 Comp. Laws 1929, § 13104).

2. HUSBAND AND WIFE—TENANCY BY ENTIRETIES.
   Tenancy of husband and wife of property held by them by the
   entireties cannot be severed by either of them nor can either
   alienate a moiety so as to defeat the title to the survivor as
   they take the estate as one person and take but one estate.

3. MECHANICS'.LIENS—SWORN STATEMENT—DELIVERY.
   Sworn statement by contractor must not only be made out but
   given to owner, part owner or lessee of premises as a condition
   precedent to drawing money from such party or commencing
   an action therefor (3 Comp. Laws 1929, § 13104).

4. SAME—SWORN STATEMENT—HUSBAND AND WIFE—TENANCY BY
   ENTIRETIES.
   Contractor, engaged to build a house under contract signed by
   both husband and wife who owned the lands in controversy as
   tenants by the entireties, held, not entitled to lien where he
   gave sworn statement to husband but not to wife (3 Comp.
   Laws 1929, § 13104).

WIEST, BUTZEL, and TOY, JJ., dissenting.

Appeal from Jackson; Williams (Benjamin), J.
Submitted January 8, 1936. (Docket No. 7, Cal-
endar No. 38,130.) Decided April 6, 1936. Rehear-
ing denied June 16, 1936.

Bill by Victor Nurmi against William J. Beards-
ley and wife to foreclose a mechanic's lien and other
relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Rosenburg & Painter,* for plaintiff.

*Blackman & Blackman,* for defendants.

POTTER, J. Plaintiff, claiming a mechanic's lien upon lands and premises owned by defendants and the building partially erected by him thereon, filed a bill to foreclose the lien. From a decree for defendants, plaintiff appeals.

Defendants owned the lands in controversy as tenants by the entirety. Both signed the building contract with plaintiff. Plaintiff was the original contractor for the construction of the house to be erected thereon. The statute provides that the original contractor shall, whenever any payment of money shall become due from the owner, part owner or lessee, or whenever he desires to draw any money from the owner, part owner or lessee on such contract, make out and give to the owner, part owner or lessee, or his agent, a statement under oath of the number and names of every subcontractor or laborer in his employ, and of every person furnishing materials. 3 Comp. Laws 1929, § 13104.

The object and purpose of this provision is to enable the owner, part owner or lessee of the lands and premises in controversy to retain out of any money due or to become due to the contractor an amount sufficient to pay the subcontractors, laborers and material men as shown by the contractor's statement.

The statute provides further:

"Until the statement provided for in this section is made, in manner and form as herein provided, the contractor shall have no right of action or lien against the owner, part owner, or lessee on account of such contract."

It is conceded defendants are tenants by the entirety. Neither husband nor wife can sever such tenancy. They do not hold by moieties but by entireties. Neither can alienate a moiety so as to defeat the title to the survivor. Husband and wife take the estate as one person, and they take but one estate. *Palmer* v. *Treasurer and Receiver General,* 222 Mass. 263 (110 N. E. 283).

A Missouri statute provided that notice of mechanic's lien must be given "to the owner, owners or agent, or either of them." In construing this provision, the court said:

"The grammatical structure of the words, as well as the obvious purpose of the law, compel the construction that where there is more than one owner the notice must be served on all, or their agent. The words: 'or either of them,' mean that the notice may be given to the owner, or his agent, or to the owners or their agent." *Towner* v. *Remick,* 19 Mo. App. 205.

In *Webber Lumber & Supply Co.* v. *Erickson,* 216 Mass. 81 (102 N. E. 940), husband and wife were tenants in common of real estate upon which a lien was claimed. The court said:

"The notice actually given was directed to Fritz alone, one of the tenants in common, and was served upon him alone. * * * Fritz neither as a tenant in common nor as the husband of Annie Sophia had authority to accept service for her, nor is any authority to that end shown in the agreed statement of facts. See *Street Lumber Co.* v. *Sullivan,* 201 Mass. 484 (87 N. E. 905, 16 Ann. Cas. 354). She, therefore, did not receive the notice necessary for the establishment of a lien against her interest in the real estate, and therefore the lien claimed never attached to her interest. And that would be so whether the

authority for the work came from her and Fritz, or from him alone.''

In *Mantonya* v. *Reilly,* 83 Ill. App. 275, Mantonya and wife were the owners each of an undivided one-half in the premises upon which a lien was claimed. It was said (297):

''Notice of lien not having been served on Ella W. Mantonya, her interest in the premises was held not chargeable.''

''Where husband and wife are tenants in common, the husband has no authority, either as such or as tenant in common, to accept service for the wife.'' 40 C. J. p. 166.

Where a petition for a public improvement is required to be signed by the owner of real estate, one tenant by the entirety may not sign and bind the property. *Auditor General* v. *Fisher,* 84 Mich. 128.

And where, under the drain law, notice is required to be given to the owner of real estate, a wife owning as tenant by the entirety with her husband is entitled to notice.

''The failure to give notice so that the parties concerned may have an opportunity to be heard in the proceedings is not to be deemed a mere error or informality, but as depriving the commissioner of jurisdiction to take further steps.'' *Bixby* v. *Goss,* 54 Mich. 551.

The language of the statute not only requires the statement required by 3 Comp. Laws 1929, § 13104, to be made out, but it shall be given to the owner, part owner or lessee of the premises.

The undisputed testimony shows plaintiff gave the statement to defendant Mr. Beardsley, but he nowhere claims he gave the statement in question to Mrs. Beardsley personally or otherwise, and conse-

quently no lien by the terms of the statute could attach against her interest in the premises; and, her interest in the premises being an interest in the entirety, no lien at all attached. It follows the plaintiff had no lien to foreclose. *Netting Co.* v. *Touscany,* 247 Mich. 279; *Pinte* v. *Will Investment Co.,* 249 Mich. 230; *Wood* v. *Bolinger,* 252 Mich. 489. The trial court dismissed plaintiff's bill of complaint. In this we think he was correct.

Decree affirmed, with costs.

North, C. J., and Fead, Bushnell, and Edward M. Sharpe, JJ., concurred with Potter, J.

Wiest, J. (*dissenting*). I think the holding too technical as between owners by the entireties and their contractor.

The statute, 3 Comp. Laws 1929, § 13104, provides for service of the notice on the owner, part owner or lessee, or his agent. The common-law rule prevails in this jurisdiction and, under estates by the entireties, the husband has the right of control, use, rents, issues and profits of the premises. *Morrill* v. *Morrill,* 138 Mich. 112 (110 Am. St. Rep. 306, 4 Ann. Cas. 1100); *Way* v. *Root,* 174 Mich. 418; *Woch* v. *Kozakiewicz,* 255 Mich. 32. The service on the husband, joint contractor with his wife, should be held notice in compliance with the statute.

In *Hartwick Lumber Co.* v. *Chonoski,* 216 Mich. 424, the owners held title by the entireties, and notice by registered letter was not received by the wife, but the lien was held valid.

In *Hopper-McAllister Corp.* v. *Pelham,* 241 Mich. 235, the owners held title by the entireties and it was held that the husband could waive service of the notice on his wife.

The good sense of these opinions appeals to me, for the purpose of the statute is only to protect the

owner against paying some one else for the same labor or material.

The decree should be reversed, and the case remanded for determination of the amount, if any, due plaintiff. Plaintiff should recover costs.

BUTZEL and TOY, JJ., concurred with WIEST, J.