BERMAN *v.* STATE LAND OFFICE BOARD.

1. TAXATION—SCAVENGER SALE—QUITCLAIM DEEDS—TENANCY BY THE ENTIRETIES.

> The grantee under quitclaim deed by wife of insane man of property which had been owned by the grantor and her husband as tenants by the entireties before State acquired title after nonpayment of taxes did not come within the term ''owner'' as defined in the State land office board act since the grantee did not acquire any estate or interest in the land, hence was not entitled to match bid of purchaser at so-called ''scavenger sale'' (Act No. 155, § 5a, Pub. Acts 1937, as added by Act No. 363, Pub. Acts 1941).

2. HUSBAND AND WIFE—TENANCY BY ENTIRETIES—ALIENATION.

> When title to real estate is vested in husband and wife as tenants by the entireties, such an estate bars separate alienation by one spouse only.

Appeal from Wayne; Richter (Theodore J.), J. Submitted January 12, 1944. (Docket No. 65, Calendar No. 42,614.) Decided February 24, 1944.

Bill by Julius Berman against State Land Office Board and Max Migdoll for an injunction and to require conveyance of land to plaintiff. Decree for plaintiff. Defendant Max Migdoll appeals. Reversed.

*David I. Hubar* (*Milton M. Maddin* and *M. F. Wolfgang,* of counsel), for plaintiff.

*Joseph B. Beckenstein* and *Nathan I. Goldin,* for defendant Migdoll.

WIEST, J. A husband and wife held title to real estate by the entireties. The husband is insane and in an asylum. For nonpayment of taxes the property was sold at tax sale and title vested in the State. At the subsequent so-called scavenger sale by the State defendant Migdoll was the highest bidder and received a certificate of purchase if his bid was not matched within 30 days by the former owners or some person within the provisions of Act No. 155, § 5a, Pub. Acts 1937, as added by Act No. 363, Pub. Acts 1941 (Comp. Laws Supp. 1943, § 3723–5a, Stat. Ann. 1943 Cum. Supp. § 7.955 [1]), which reads:

"The term 'owner' as used in this act shall mean the owner of any estate or enforceable legal interest in the land at the time title thereto vested in the State, or the assignee or grantee thereof by conveyance, assignment or operation of law effective prior to the date of sale under section 6 or 7 hereof or other prior disposition of such land by the board or department, as the case may be."

Plaintiff under a quitclaim deed executed by the wife, one tenant by the entirety, claims to have such an interest thereunder as to enable him to match the bid of defendant Migdoll at the scavenger sale and filed the bill herein to have it so decreed. He was granted decree to such effect, from which defendant Migdoll prosecutes this appeal.

Plaintiff under the quitclaim deed from one tenant by the entireties did not acquire any estate or interest in the land and was not within the term "owner" as defined and enlarged in meaning by the mentioned provision of Act No. 155, Pub. Acts 1937, as added by Act No. 363, Pub. Acts 1941. This court has repeatedly held that when title to real estate is vested in husband and wife by the entireties such an estate bars separate alienation by one spouse only. See

*Eadus* v. *Hunter*, 249 Mich. 190; *Nurmi* v. *Beardsley,* 275 Mich. 328; *Long* v. *Earle,* 277 Mich. 505.

The decree in the circuit court is reversed and the bill dismissed, with costs to defendant Migdoll.

NORTH, C. J., and STARR, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.