Joseph C. Murphy, Acting U. S. Atty., Roger P. O'Connor, Asst. U. S. Atty., Detroit, Mich., for plaintiff.

Guy G. Bratton and Bratton & Bratton, all of Detroit, Mich., for defendants.

LEVIN, District Judge.

A single question of law is presented to the court: Are Series E Government Bonds registered in the co-ownership form to a husband "or" his wife subject to levy or other process in Michigan for the debt of the husband?

The facts as pleaded indicate that the plaintiff is a judgment creditor of the defendants, residents of Michigan, who together with their wives, are the registered holders of Series E Bonds in the co-ownership form authorized by Sec. 315.4 of the Treasury Department regulation governing United States Savings Bonds. The defendants contributed all, or substantially all, of the purchase price of the bonds and, by agreement of the parties, certain of the bonds were cashed and the proceeds placed in escrow pending a decision by this court. It was also agreed that if the court deter-

## UNITED STATES v. GULDAGER et al.
### Civ. No. 7599.

United States District Court
E. D. Michigan, S. D.
Jan. 22, 1952.

mined the bonds are entirely exempt from process in aid of a judgment against the defendants, the funds in escrow should be turned over to them, but if the bonds are in whole or in part subject to such process the funds should be turned over to the plaintiff.

Series E Bonds are issued by authority of 31 U.S.C.A. § 757c(a) which provides in part that " * * * [the] various issues and series of the savings bonds * * * shall be issued in such manner and subject to such terms and conditions * * * including any restrictions on the transfer, as the Secretary of the Treasury may from time to time prescribe."

Under this authority, the Treasury Department issued its circular No. 530 embodying the regulations governing the bonds in question. The references in this opinion are to the sixth revision dated February 13, 1945.

The authorized forms of registration are enumerated in Sec. 315.4. The authorized form applicable to the case at bar is described in (a)(2) as follows: "Two Persons—Co-Ownership Form: In the names of two (but not more than two) persons in the alternative as co-owners, for example: 'John A. Jones Or Mrs. Ella S. Jones.' No other form of registration establishing co-ownership is authorized."

The claims of judgment creditors against a co-owner of a bond may be recognized under the conditions set forth in Sec. 315.13, reading in part:

"A claim against an owner or co-owner of a savings bond and conflicting claims as to ownership of or interest in such bond as between co-owners or the registered owner and a designated beneficiary, will be recognized when established by valid judicial proceedings and payment or reissue will be made upon presentation and surrender of the bond, except as follows:

"(a) No such proceedings will be recognized if they would give effect to an attempted voluntary transfer inter vivos of the bond or would defeat or impair the rights of survivorship conferred by these regulations upon a surviving co-owner or beneficiary.

"(b) A judgment creditor * * * will have the right to payment (but not to reissue) and a judgment creditor will be limited to payment at the redemption value current 30 days after the termination of the judicial proceedings or current at the time the bond is received, whichever is smaller.

"(c) If a debtor * * * is not the sole owner of the bonds, payment will be made only to the extent of his interest therein, which must be determined by the court or otherwise validly established."

It is the contention of the defendants, as set forth in paragraph 5 of their answer, that the bonds are "entirely property under the laws of the State of Michigan" and that they are "exempt from execution to satisfy a judgment entered against a husband alone."

In support of their position the defendants cite a Michigan statute, C.L. '29, Sec. 13071, M.S.A. 26.211, which provides:

"Evidence of indebtedness payable to husband and wife; ownership in joint tenancy. Section 1. All bonds, certificates of stock, mortgages, promissory notes, debentures, or other evidences of indebtedness hereafter made payable to persons who are husband and wife, or made payable to them as endorsees or assignees, or otherwise, shall be held by such husband and wife in joint tenancy unless otherwise therein expressly provided, in the same manner and subject to the same restrictions, consequences and conditions as are incident to the ownership of real estate held jointly by husband and wife under the laws of this state, with full right of ownership by survivorship in case of the death of either."

This statute made applicable to the forms of personal property therein described, owned by husband and wife, the same legal consequences which had theretofore been applicable to real estate owned by the entireties.

The defendants argue that the bonds in question are held jointly with their wives and, under the Michigan statute, title thereto would pass to the survivor; that since the bonds, under Sec. 315.45(c) of the regu-

lation, are payable to the survivor, the Michigan statute is applicable, and that under the law of Michigan, bonds held under the conditions described in the statute are not subject to levy or process for the debt of the husband.

The Michigan statute deals with bonds and other personal property made payable to persons who are husband and wife and makes applicable thereto "the same restrictions, consequences and conditions as are incident to the ownership of real estate held jointly by husband and wife under the laws of this state * * *." The right of survivorship is only one of such consequences. Perhaps the best known consequence of an estate held by the entireties is that, because each one owns all of the estate, neither husband nor wife acting independently during the lifetime of the other can dispose of any interest in the estate whatsoever. Nurmi v. Beardsley, 275 Mich. 328, 266 N.W. 368. May as much be said with respect to the estate created by the co-ownership of these bonds?

It is to be noted, in the first place, that under Sec. 315.4 of the regulation, bonds registered in the co-ownership form may only be registered in the name of two persons "in the alternative" and the disjunctive "or" is prescribed. An "alternative" ownership is obviously not the same as the "joint tenancy" created by the Michigan statute, with specific analogy to the consequences of "real estate held jointly."

Secondly, under Sec. 315.29 of the regulation, either the "owner or co-owner in his own right" may present the bonds for payment and "the owner or co-owner * * * may receive immediate payment * * *." Clearly, one of the most important elements of the joint tenancy, for which the defendants contend, is absent with respect to these bonds. Either one of the co-owners acting independently during the lifetime of the other can dispose of the entire interest in the estate.

It follows that the bonds in question are not entirely exempt from levy or process for the debts of the defendants, and the plaintiff's motion for summary judgment is granted. The judgment to be entered, however, will contain a provision that in the event of a timely appeal to the United States Court of Appeals, the funds deposited with the escrow agent shall remain with it pending an order following the mandate of the Court of Appeals.