TAMPLIN v TAMPLIN

Docket No. 94975. Submitted May 12, 1987, at Lansing. Decided
    September 9, 1987.

    John and Margaret Tamplin, husband and wife, purchased Lot
    607 in Colony Homes No. 2 Subdivision in Hazel Park on
    September 30, 1938. A house is situated on the lot. Plaintiffs
    purchased adjoining Lot 606 a few years after they purchased
    Lot 607. Sometime thereafter plaintiffs built an addition onto
    the home. The addition is situated primarily on Lot 606. The
    couple resided in the home since 1938. In 1975, John left the
    marital home and moved to Idaho. Margaret remained. In 1982,
    an attorney wrote John, allegedly on Margaret's behalf, re-
    questing John to quitclaim the marital home to Margaret. The
    letter threatened that Margaret would bring an action for
    divorce or separate maintenance if John did not comply. While
    the letter requested that John convey his interest to Margaret,
    a deed to Lot 607 enclosed for John's signature indicated that
    his interest would be conveyed to Margaret, and Steve Tamplin
    and Sue Curtis, the couple's children, as joint tenants with the
    right of survivorship. John asserts that he refused to sign this
    deed because it had been prepared by Sue's attorney. However,
    on October 6, 1982, John signed another deed which was
    identical to the first except that it did not indicate that it had
    been prepared by the attorney. It was conceded below that the
    attorney indicated on the deed that he had drafted it after
    John had signed the deed but before it was filed. John and
    Margaret brought an action in the Oakland Circuit Court
    against Stephen E. Tamplin, his wife, Mary, and Sue E. Curtis
    to quiet title to Lot 607. Defendants counterclaimed to quiet
    title to both Lots 606 and 607, alleging that Lot 606 was left off
    the deed by mistake. They sought title of both lots 606 and 607
    to be quieted in the names of Margaret, Steve and Sue, as joint

REFERENCES

Am Jur 2d, Husband and Wife §§ 55 *et seq.*; 105 *et seq.*

Estate created by deed to persons described as husband and wife
    but not legally married. 9 ALR4th 1189.

Estate by entireties as affected by statute declaring nature of
    tenancy under grant or devise to two or more persons. 32 ALR3d
    570.

tenants with rights of survivorship. Plaintiffs brought a motion for summary disposition. The court, James S. Thorburn, J., granted plaintiffs' motion on the basis that John and Margaret held the disputed properties as tenants by the entireties and the 1982 deed was therefore invalid because it was signed only by John. The trial court construed MCL 557.101; MSA 26.201 as not permitting a tenant by the entirety to deed his or her interest to anyone other than the cotenant without the cotenant's approval and signature on the deed, and entered three separate orders dismissing defendants' counterclaim, quashing a lis pendens which had been filed on Lot 606, and quieting the title of Lot 607 in plaintiffs. Defendants appealed.

The Court of Appeals *held:*

1. The property in question was an estate by the entireties, since by law a conveyance to a husband and wife creates an estate by the entireties unless it specifically provides otherwise.

2. MCL 557.101; MSA 26.201 is an exception to the general rule that neither spouse can convey alone his interest, a half interest, or any separate interest. The exception is limited and provides *for a single-signature conveyance only from one* spouse to the other. The trial court properly construed the statute as not authorizing a broader exception.

Affirmed.

1. TENANTS BY THE ENTIRETY — HUSBAND AND WIFE.

A conveyance of real property to a husband and wife creates an estate by the entireties unless it specifically provides otherwise.

2. TENANTS BY THE ENTIRETY — TERMINATION OF TENANCY.

The statute providing for a termination of a tenancy by the entireties by a conveyance from one to the other is a limited exception to the general rule that neither spouse can convey alone his interest, a half interest or a separate interest.

*Kenneth J. Safran,* for defendants.

Before: MACKENZIE, P.J., and HOOD and J. P. SWALLOW,* JJ.

SWALLOW, J. Defendants appeal from orders entered on August 13, 1986, by the Oakland Circuit Court quieting title in two subdivision lots in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiffs and dismissing defendants' counterclaim to quiet title.

The plaintiffs in the instant case are John and Margaret Tamplin, husband and wife. Defendants are Steve Tamplin, the plaintiffs' son, his wife, and Sue Curtis, the plaintiffs' daughter.

Plaintiffs purchased Lot 607 in Colony Homes No. 2 Subdivision in Hazel Park on September 30, 1938. A house is situated on the lot. Plaintiffs purchased adjoining Lot 606 a few years after they purchased Lot 607. Sometime thereafter plaintiffs built an addition onto the home. The addition is situated primarily on Lot 606. The couple have resided in the home since 1938. In 1975, John left the marital home and moved to Idaho. Margaret remained. Defendants assert that John deserted Margaret and since that time has provided her with only minimal support. John asserts that he repeatedly asked Margaret to come to Idaho, that she consistently refused, and that the support he provided was sufficient for her care.

In 1982, an attorney wrote John, allegedly on Margaret's behalf, requesting John to quitclaim the marital home to Margaret. The letter threatened that Margaret would bring an action for divorce or separate maintenance if John did not comply. While the letter requested that John convey his interest to Margaret, the deed which was enclosed for John's signature indicated that his interest would be conveyed to Margaret, Steve, and Sue, as joint tenants with the right of survivorship. John asserts that he refused to sign this deed because it had been prepared by Sue's attorney. However, on October 6, 1982, John signed another deed which was identical to the first except that it did not indicate that it had been prepared by the attorney. It was conceded below that the attorney indicated on the deed that he

had drafted it after John had signed the deed but before it was filed. Defendants assert that the validity of the deed was not affected by the subsequent addition. John implies that he would not have signed the deed if he had known that Sue's attorney was behind the request. The deed only conveyed Lot 607.

On September 23, 1985, John returned to Michigan and took Margaret to Idaho for a visit with another daughter. In the complaint, John asserts that during her visit Margaret decided to remain in Idaho. On December 25, 1985, Margaret wrote to Steve and Sue and requested that they convey Lot 607 back to her so that she could sell the home. When Steve and Sue did not respond, plaintiffs filed the instant action to quiet title. On several grounds, plaintiffs assert the 1982 deed was invalid.

In response, defendants filed a countercomplaint to quiet title. Defendants assert Lot 606 was left off the deed in error. They also contend that Margaret is being kept in Idaho against her will and that they do not believe she wishes to change the state of the title. Defendants prayed that title be quieted in both Lots 606 and 607 in the names of Margaret, Steve, and Sue as joint tenants with the right of survivorship.

Plaintiffs brought a motion for summary disposition which was heard on August 13, 1986. The circuit court granted plaintiffs' motion on the basis that John and Margaret held the disputed properties as tenants by the entireties and the 1982 deed was therefore invalid because it was signed only by John. The trial court construed MCL 557.101; MSA 26.201 as not permitting a tenant by the entirety to deed his or her interest to anyone other than the cotenant without the cotenant's approval and signature on the deed. The trial court entered

three separate orders, dismissing defendants' counterclaim, quashing a lis pendens which had been filed on Lot 606, and quieting the title of Lot 607 in plaintiffs. Defendants appeal.

Defendants first argue that it was not established below that the property in question was in fact an estate by the entirety.

Defendants' own counsel conceded at the motion hearing that the 1982 conveyance related to realty which previously was held by the entireties. Thus, the issue was not disputed below. It may not be raised for the first time on appeal.

Even if the issue had been properly preserved, it is without merit. A conveyance to husband and wife creates an estate by the entirety. Only where the instrument expressly provides otherwise is an estate other than a tenancy by the entirety created. *Hoyt v Winstanley*, 221 Mich 515; 191 NW 213 (1922). The deed under which plaintiffs took title in 1938 indicated plaintiffs were husband and wife and did not specify the nature of the tenancy. Thus, plaintiffs held the subject property as tenants by the entirety.

Defendants next argue that the trial court erred in ruling that the 1982 deed contravened MCL 557.101; MSA 26.201. The statute provides:

> In all cases where husband and wife own any interest in land as tenants by the entirety, such tenancy by the entirety may be terminated by a conveyance from either one to the other of his or her interest in the land so held.

The statute is an exception to the general rule that neither spouse can convey alone his or her interest, a half interest, or any separate interest. *Berman v State Land Office Bd,* 308 Mich 143, 144; 13 NW2d 238 (1944); 13 Callaghan's Michigan

Civil Jurisprudence, Husband and Wife, § 64, pp 107-108.

Defendants argue that the intent of MCL 557.101; MSA 26.201 is to protect one spouse from the other spouse's conveying away their interest without the former's consent. Defendants assert that the cases upon which plaintiff's rely all involve situations where the husband is somehow trying to defeat the interest of his wife. Defendants assert that, in the instant case, their mother received a benefit and has suffered no loss.

We disagree that Margaret has suffered no loss. Two cotenants now share Margaret's interest instead of one. They are considerably younger than she and appear to have different financial concerns. Both of these factors make it more difficult for Margaret to gain the consent of her present cotenants than it was for her to gain the consent of her former cotenant. Also, the fact that the new cotenants are considerably younger reduces the possibility that Margaret will ever be the sole possessor of the property as survivor. We reject defendants' assertion that such a transfer does not violate any of the underlying concerns of the statute. Margaret's ability to exercise her rights in the property was greatly reduced by the transfer. Margaret's approval of the 1982 deed, as evidenced by her signature, was required in order for the conveyance to be valid.

We note that the Supreme Court faced a similar factual situation in *Hearns v Hearns,* 333 Mich 423; 53 NW2d 315 (1952). Because the children in that case were not and could not be made parties to the divorce action, the Court could not determine the rights of the children and the property involved. However, the Court strongly hinted that such deeds are invalid. *Id.,* pp 432-433.

The instant case does not involve a situation

where any equitable defense has been asserted. Compare *Stone v Culver,* 286 Mich 263; 282 NW 142 (1938).

The statute is an exception to the general rule that both tenants by the entirety must join in a conveyance of such property. The exception in the statute is limited and provides for a single-signature conveyance only from "one [spouse] to the other." The trial court properly construed the statute as not authorizing a broader exception.

Affirmed.