# STATE OF MICHIGAN

# COURT OF APPEALS

DEUTSCHE BANK NATIONAL TRUST
COMPANY and WELLS FARGO BANK,

UNPUBLISHED
August 16, 2016

Plaintiffs-Appellees,

v

No. 327151
Oakland Circuit Court
LC No. 2014-140330-CH

TRACEY L. KEVELIGHAN and KEVIN
KEVELIGHAN,

Defendants-Appellants,

and

UNITED STATES OF AMERICA and
WEBSTER BANK,

Defendants.

Before: BECKERING, P.J., and CAVANAGH and GADOLA, JJ.

PER CURIAM.

Defendants Tracey and Kevin Kevelighan appeal as of right a judgment of foreclosure, which granted Deutsche Bank National Trust Company (Deutsche Bank) the right to foreclose on real property located at 2553 Lamplighter Lane in Bloomfield Hills, Michigan (the Lamplighter property). We affirm.

The Kevelighans each attested in affidavits that they acquired title to the Lamplighter property via warranty deed from Cendant Mobility Financial Corporation on June 5, 2005. According to the Kevelighans, the deed conveyed title to them as tenants by the entirety.[1] On

---

[1] While the Kevelighans attached a copy of this deed to their brief on appeal, we do not consider the actual deed in reaching our decision because it is not in the lower court record. We hear cases "on the original record." MCR 7.210(A). Furthermore, while the Kevelighans claim they obtained title by warranty deed in 2005, the trial court found that their interest in the property did not arise until the mortgage at issue was executed in 2006, and we find no clear error in that

-1-

March 17, 2006, Tracey signed an adjustable rate note and mortgage in favor WMC Mortgage Corporation in exchange for $277,600. In 2008, the mortgage was assigned to Deutsche Bank. By 2011, Tracey defaulted on the mortgage, and shortly thereafter, the Kevelighans and several others initiated a lawsuit in the United States District Court for the Eastern District of Michigan against Deutsche Bank and other lenders, mortgage service companies, and law firms. The lawsuit ended when the federal district court dismissed all of the Kevelighans' and the other plaintiffs' claims. On appeal, the United States Court of Appeals for the Sixth Circuit affirmed the federal district court's rulings.

In 2013, Deutsche Bank filed a lawsuit against the Kevelighans in the Oakland Circuit Court, seeking to define its interest in the Lamplighter property. The lawsuit resulted in a final opinion and order that stated the following:

> In Count I of the complaint, [Deutsche Bank] asks the Court to adjudicate that it holds a purchase money mortgage encumbering the subject property (commonly known as 2553 Lamplighter Lane in Bloomfield Township, Michigan) and that the purchase money mortgage constitutes a valid first priority lien on the subject property, superior to the interest acquired by the Defendants, Kevin Kevelighan and Tracey L. Kevelighan, on or about March 17, 2006.
>
> * * *
>
> Deutsche Bank is entitled to summary disposition on Count I under MCR 2.116(C)(10). Deutsche Bank alleges the purchase of the subject property by the Kevelighans was funded by the first and second mortgages obtained to satisfy the contingency in the Agreement of Sale. At the closing, a purchase money mortgage in the amount of $277,600.00 was executed in favor of WMC Mortgage Corporation. These funds, along with the proceeds of the second mortgage, were used by the Kevelighans to finance the purchase of the subject property. The Kevelighans have not come forward with admissible evidence to refute these allegations, and there is no genuine issue of material fact.
>
> * * *
>
> WHEREFORE, IT IS HEREBY ORDERED that the Plaintiff's motion for summary disposition on its Complaint is GRANTED as to Count I. As to that claim, the Court finds that the Plaintiff holds a purchase money mortgage on the subject property as alleged in the Complaint, and that said purchase money mortgage constitutes a valid first priority lien on the subject property.

---

finding. See *Berry v State Farm Mut Auto Ins Co*, 219 Mich App 340, 345; 556 NW2d 207 (1996) (explaining that this Court reviews a trial court's factual findings for clear legal error).

Deutsche Bank then commenced the instant action to foreclose on the Lamplighter property.[2] The Kevelighans argued that, although the court determined by final order in the 2013 lawsuit that the March 17, 2006 mortgage was a purchase money mortgage, Deutsche Bank had no right to foreclose because the mortgage was only signed by Tracey, while the Lamplighter property was held by both Kevin and Tracey as tenants by the entirety. Rejecting the Kevelighans' argument, the trial court ruled that Deutsche Bank had the right to foreclose on the Lamplighter property and entered a judgment of foreclosure to that effect. The judgment of foreclosure provided that the March 17, 2006 mortgage was a valid first-priority lien on the Lamplighter property, Tracey was personally liable for the debt, the Lamplighter property was subject to sale as a single parcel at public auction by the county sheriff, and the county clerk or sheriff should pay Deutsche Bank the full amount of the debt out of the proceeds of the sale, or as much of the debt as the proceeds of the sale would cover.

On appeal, the Kevelighans argue that the trial court erred by granting Deutsche Bank a judgment of foreclosure, or, in the alternative, that if foreclosure was appropriate, Kevin was entitled to half of the foreclosure sale proceeds. We disagree.[3]

This case requires us to reconcile the legal principles applicable to a purchase money mortgage with the legal principles applicable to a tenancy by the entirety. The parties do not dispute that, in the 2013 lawsuit, the trial court issued a final order determining that the March 17, 2006 mortgage held by Deutsche Bank was a purchase money mortgage. Deutsche Bank argues that the law applicable to purchase money mortgages entitles it to foreclose on the property as a result of Tracey's default. In contrast, the Kevelighans argue that the law governing tenancies by the entirety precludes Deutsche Bank from foreclosing on a mortgage that was only signed by one spouse. We conclude that these legal doctrines can be easily reconciled in Deutsche Bank's favor.

A purchase money mortgage is " '[a] mortgage or security device taken back to secure the performance of an obligation incurred in the purchase of the property.' " *Graves v American Acceptance Mtg Corp (On Rehearing)*, 469 Mich 608, 613; 677 NW2d 829 (2004), quoting *Black's Law Dictionary* (6th ed) (alteration in *Graves*). In *Graves*, our Supreme Court explained that "a purchase money mortgage takes effect immediately, as part of the 'same transaction by which seisin was acquired by the mortgagor.' " *Graves*, 469 Mich at 613, quoting *Fecteau v Fries*, 253 Mich 51, 55; 234 NW 113 (1931). Accordingly, the mortgagor's receipt of the deed and his or her giving of the mortgage "are regarded as one transaction, and no general lien impending over [the mortgagor], whether in the shape of a general mortgage, or judgment, or recognizance, can displace such mortgage for purchase-money." *Fecteau*, 253 Mich at 54.

---

[2] Defendants United States of America and Webster Bank were added as party defendants, but, in separate orders, the trial court determined that both were junior lienholders to Deutsche Bank. These parties are not involved in the current appeal.

[3] We review de novo whether a trial court properly granted a motion for summary disposition. *Graves v American Acceptance Mtg Corp (On Rehearing)*, 469 Mich 608, 613; 677 NW2d 829 (2004).

The law of property held by a married couple as tenants by the entirety precludes "separate alienation by one spouse only." *Berman v Auditor General*, 308 Mich 143, 144; 13 NW2d 238 (1944). However, the rule against one spouse encumbering entireties property only precludes the alienation or encumbrance of "an interest in the fee of lands *so held*." *Rogers v Rogers*, 136 Mich App 125, 134; 356 NW2d 288 (1984) (emphasis added). Stated another way, when real property is held by tenants by the entirety, one spouse acting alone cannot alienate or encumber an interest "*so held*" by the entireties estate. *Id.* However, the purchase money mortgage doctrine provides that when property is acquired with the proceeds of a purchase money mortgage, the mortgage and acquisition of title are regarded as one transaction, with title being transferred already subject to the mortgage. *Fecteau*, 253 Mich at 54-55.

In the 2013 lawsuit, the trial court determined by final order that the March 17, 2006 mortgage held by Deutsche Bank was a purchase money mortgage. Therefore, although the Kevelighans held the property as tenants by the entirety, their entireties estate received the property already subject to the Deutsche Bank mortgage. Tracey's action of signing the mortgage did not alienate an interest held by the estate, but rather granted the estate an interest in the Lamplighter property subject to the mortgage. On default, which the Kevelighans do not contest, Deutsche Bank had the right to foreclose on the property.

Because the Kevelighans acquired the Lamplighter property as tenants by the entirety, but subject to the mortgage, the trial court did not err by ordering that the full proceeds of the foreclosure sale be used to pay off the debt secured by the mortgage. Any interest Kevin held in the Lamplighter property was also subject to the mortgage because, under entireties law, "[n]either the husband nor the wife has an individual, separate interest in entireties property." *Rogers*, 136 Mich App at 134. Kevin could not own an interest in the Lamplighter property that was separate from his wife's interest, and her interest could not be subject to the mortgage while his was not. In sum, the Kevelighans never owned an interest in the Lamplighter property that was free from the mortgage; therefore, there was no separate alienation by one spouse, and neither spouse is entitled to any of the proceeds from the foreclosure sale, unless the sale proceeds were greater than the amount necessary to fully repay the debt owed to Deutsche Bank and all other junior lienholders.

Affirmed.

/s/ Jane M. Beckering
/s/ Mark J. Cavanagh
/s/ Michael F. Gadola

-4-