# STATE OF MICHIGAN

# COURT OF APPEALS

GREEN TREE SERVICING, LLC,

Plaintiff-Appellant,

v

MARGARET EPPERSON a/k/a MARGARET IB
EPPERSON and THOMAS RYAN EPPERSON,

Defendant-Appellees.

UNPUBLISHED
August 23, 2016

No. 326784
Wayne Circuit Court
LC No. 13-011431-CH

Before: JANSEN, P.J., and FORT HOOD and BOONSTRA, JJ.

PER CURIAM.

Plaintiff, Green Tree Servicing, L.L.C., appeals by right the trial court's order dismissing its complaint on the basis of res judicata, after having denied plaintiff's motions for default judgment and for reconsideration. We reverse and remand for entry of a default judgment against defendants.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case concerns property located in Detroit. The underlying facts are largely undisputed. In 1979, defendant Margaret Epperson and her husband, James Epperson, obtained the property via warranty deed. In 1993, James acted to convey the property to Margaret and their son, defendant Thomas Epperson, by quitclaim deed. James and Thomas executed the deed, but Margaret did not. In April 2002, Margaret obtained a loan, evidenced by a promissory note; the note was secured by a mortgage on the property. Later that year, James died. The mortgage was assigned to GMAC Mortgage, L.L.C. Margaret stopped making payments on the promissory note in 2009.

In 2011, GMAC filed a complaint against Margaret and Thomas for reformation of the mortgage or for an equitable mortgage. GMAC sought to reform the mortgage to add Thomas as an additional mortgagor, or for an equitable mortgage to be imposed on Thomas. Margaret failed to respond, and a default was entered against her. The case against Thomas proceeded to a bench trial, and the court ruled that GMAC was not entitled to an equitable mortgage against

-1-

Thomas.[1] GMAC filed an appeal with this Court, but withdrew the appeal. *GMAC Mortgage, LLC v Margaret Epperson*, unpublished order of the Court of Appeals, entered July 26, 2013 (Docket No. 315854). In 2013, GMAC assigned the mortgage to plaintiff. On September 3, 2013, plaintiff filed a complaint against defendants, alleging that Margaret was liable for breach of the promissory note and seeking a money judgment against Margaret as well as foreclosure of mortgage, appointment of receiver, and partition.[2] In October of 2013, plaintiff filed returns of service, requests for default, and appropriate supporting documentation relative to both defendants. It appears that defaults were entered against both defendants.[3] On October 23, 2013, Thomas filed a motion to set aside default, arguing that a meritorious defense existed as to plaintiff's claims, namely that they were barred by res judicata. Thomas also argued that plaintiff lacked standing to pursue its claims. Plaintiff responded that Thomas had not presented good cause for setting aside the default or a meritorious defense.[4] The trial court held a settlement conference on December 3, 2013, and that same day entered an order denying Thomas's motion to set aside default. The order provided that the motion was denied "for the reasons stated in the Court's bench opinion." However, no such opinion appears in the record provided to this Court.

On February 13, 2014, plaintiff filed a motion for default judgment and judgment ordering foreclosure sale. The trial court held a hearing on plaintiff's motion, wherein the merits

---

[1] It is unclear whether or when the trial court expressly ruled on GMAC's request for reformation. It is clear, however, that the trial court did not grant GMAC's request for reformation, expressly denied GMAC's request for an equitable mortgage, and ultimately entered a final judgment in favor of Thomas.

[2] Plaintiff in part requested a judicial determination of Margaret's and Thomas's respective rights and interests in the property, and a partitioning of the property in accordance with that determination; further, because the property contained a single building, plaintiff sought to have the property sold and the proceeds divided according to Margaret's and Thomas's respective ownership interests, rather than subjecting the property to physical division. See *Albro v Allen*, 434 Mich 271, 284; 454 NW2d 85 (1990).

[3] MCR 2.603(A)(1) provides that "[i]f a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and that fact is made to appear by affidavit or otherwise, the clerk must enter the default of that party." The defaults in this case were e-filed but not signed by the judge or the court clerk; however, the Wayne Circuit Court electronic filing guidelines provide that "[a]n eFiled default is not signed by the judge. It will be filed by the clerk and an unsigned copy with be returned to you. MCR 2.603(A)(1)."

[4] MCR 2.603(D)(1) provides that "[a] motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed." To determine whether a meritorious defense has been presented, a trial court should consider whether: "(1) the plaintiff cannot prove or defendant can disprove an element of the claim or a statutory requirement; (2) a ground for summary disposition exists . . . or (3) the plaintiff's claim rests on evidence that is inadmissible." *Shawl v Spence Bros, Inc*, 280 Mich App 213, 238; 760 NW2d 674 (2008).

of Thomas's defense of res judicata were argued. The trial court ultimately denied plaintiff's motion and dismissed plaintiff's case, holding that plaintiff's claim was barred by res judicata. This appeal followed.

## II. CONSIDERATION OF THOMAS'S ARGUMENT FOLLOWING DEFAULT

Plaintiff argues that the trial court erred when it considered Thomas's untimely argument that plaintiff's claims were barred by res judicata. Questions of law are reviewed de novo. *Henderson v State Farm Fire & Cas Co*, 460 Mich 348, 353; 596 NW2d 190 (1999). Here, plaintiff makes a series of arguments related to defendants' defaulted status, asserting that Thomas should not have been entitled to defend against the claims because defendants were in default, and that the trial court should not have reconsidered an issue upon which it had previously ruled. We agree, in part.

"If a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and that fact is made to appear by affidavit or otherwise, the clerk must enter the default of that party." MCR 2.603(A)(1). Pursuant to MCR 2.603(A)(3), "Once the default of a party has been entered, that party may not proceed with the action until the default has been set aside by the court in accordance with subrule (D)[.]" MCR 2.603(D)(1) provides that "A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed."

In this case, defaults were entered against both defendants, Thomas filed a motion to set aside the default (asserting that the meritorious defense of res judicata existed), and the trial court denied the motion. MCR 2.603(A)(1) provides that "[o]nce the default of a party has been entered, that party may not proceed with the action until the default has been set aside by the court." While MCR 2.119(F) permits a party to seek reconsideration of an order, Thomas did not do so with respect to the trial court's denial of his motion to set aside default. We conclude that, by thereafter reasserting his previously rejected res judicata defense in response to plaintiff's motion for default judgment, Thomas was "proceeding with the action" in contravention of MCR 2.603(A)(1).

Certainly it is true that trial courts are generally permitted to reconsider issues they have previously decided while proceedings are still pending before them. *Hill v City of Warren*, 276 Mich App 299, 307; 740 NW2d 706 (2007). However, there is no evidence in this case that Thomas sought reconsideration of the denial of his motion to set aside default, or that the trial court considered Thomas' renewed res judicata argument in the context of determining whether the default should be set aside under MCR 2.603, and the trial court in fact never ordered that the defaults be set aside. We therefore conclude that the trial court erred by considering Thomas's res judicata argument in the context of plaintiff's motion for entry of default judgment without first reconsidering its previous denial of Thomas's motion to set aside default.

## III. RES JUDICATA

In any event, even if we were to generously construe the proceedings below as reflecting a timely motion for reconsideration of the trial court's denial of Thomas's motion to set aside the

defaults, an order setting aside the defaults, and an appropriate consideration by the trial court of Thomas's res judicata defense, we conclude that the trial court erred by determining that plaintiff's claims were barred by res judicata. The applicability of the legal doctrine of res judicata presents a question of law that we review de novo. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008). We review for an abuse of discretion a trial court's decision on a motion to set aside a default or motion for reconsideration. *Shawl v Spence Bros, Inc*, 280 Mich App 213, 218; 760 NW2d 674 (2008).

"The doctrine of res judicata bars a subsequent action when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Id*. at 585 (footnotes and quotation marks omitted). Res judicata is intended "to ensure the finality of judgments and to prevent repetitive litigation." *Bergeron v Busch*, 228 Mich App 618, 621; 579 NW2d 124 (1998). If in the exercise of due diligence plaintiff should have brought the claim in the previous case, then res judicata will apply to bar that claim. *Estes*, 481 Mich at 585. Our Supreme Court "has taken a broad approach to the doctrine of res judicata, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair v State*, 470 Mich 105, 121; 680 NW2d 386, 396 (2004). Thus, "the determinative question is whether the claims in the instant case arose as part of the same transaction as did [the plaintiff's] claims in" the original action. *Id*. at 125. "Whether a factual grouping constitutes a transaction for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in time, space, origin or motivation, [and] whether they form a convenient trial unit." *Id*. (Citation and internal quotation marks omitted).

In the earlier proceeding, GMAC filed a complaint for reformation or equitable mortgage. It did not seek foreclosure. GMAC alleged that Thomas was not included in the mortgage because of mutual mistake, asking the court to reform the mortgage to include Thomas. GMAC further asked the court to impose an equitable mortgage over Thomas. In its opinion following a bench trial, the court found that James and Margaret had owned the property as tenants by the entirety, and that James conveyed the property to Margaret and Thomas in 1993 via quitclaim deed. The court concluded that because Thomas's interest in the property was a matter of public record and that GMAC had failed to investigate, GMAC was not entitled to an equitable mortgage against Thomas.[5]

However, the trial court conducted no analysis of the validity of the 1993 quitclaim deed. Indeed, the issue was not presented to the court for decision, nor was the posture of the action one in which the issue could have been litigated. Instead, because the action only sought reformation or imposition of an equitable mortgage upon Thomas, the parties litigated the equitable issue presented on an assumption that the 1993 deed was valid. It was in that context that the trial court merely noted that the 1993 deed was a matter of public record before Margaret

---

[5] As noted, it appears that the trial court also effectively denied GMAC's request for reformation of the mortgage.

encumbered the property with a mortgage in 2002, and concluded that GMAC had failed to demonstrate that the obligations of the mortgage should be equitably extended to Thomas.

Plaintiff in the instant case, by contrast, seeks a money judgment against Margaret for breach of the promissory note evidencing her indebtedness, and seeks to foreclose upon the property securing that indebtedness should Margaret fail to pay the judgment against her. Res judicata does not apply. The earlier action did not seek foreclosure, but merely sought to determine the identity of the mortgagors as to whom later foreclosure proceedings might be instituted. Moreover, GMAC obviously could not have asserted a claim in that case for breach of promissory note or foreclosure for the multiple months of non-payment following the conclusion of that case. Res judicata therefore does not bar the present claims.

IV. INVALIDITY OF 1993 QUITCLAIM DEED.

Moreover, it is clear under the law that the 1993 quitclaim deed was invalid as a matter of law. It is undisputed that James and Margaret owned the property as tenants by the entirety. "Our longstanding common law provides that, when a deed is conveyed to a husband and wife, the property is held as a tenancy by the entirety." *Walters v Leech*, 279 Mich App 707, 711; 761 NW2d 143 (2008). "Only where the instrument expressly provides otherwise is an estate other than a tenancy by the entirety created." *Tamplin v Tamplin*, 163 Mich App 1, 5; 413 NW2d 713 (1987). Where a deed does "not specify the nature of the tenancy[,]" but the deed is conveyed to a husband and wife, the two hold "the subject property as tenants by the entirety." *Id*.

"In a tenancy by the entirety, the husband and wife are considered one person in the law." *Walters*, 279 Mich App at 711. "When real property is so held as tenants by the entireties, neither spouse acting alone can alienate or encumber to a third person an interest in the fee of lands so held." *Rogers v Rogers*, 136 Mich App 125, 134; 356 NW2d 288 (1984). "The consequence is that neither the husband nor the wife can dispose of the property without the assent of the other and the whole property must remain to the survivor." *Walters*, 279 Mich App at 711. In other words, "both spouses have a right of survivorship, meaning that, in the event that one spouse dies, the remaining spouse automatically owns the entire property." *Tkachik v Mandeville*, 487 Mich 38, 46-47; 790 NW2d 260 (2010); see also MCL 700.2901(2)(g). "Thus, entireties properties are not part of a decedent spouse's estate, and the law of descent and distribution does not apply to property passing to the survivor." *Id*. at 47.

Here, because the warranty deed was silent on the type of tenancy to be created, a tenancy by the entirety was created between James and Margaret, as husband and wife, when they purchased the property in 1979. *Tamplin*, 163 Mich App at 5; *Walters*, 279 Mich App at 711. Therefore, from 1979 onward, James and Margaret owned the property as tenants by the entirety. Pursuant to *Walters*, 279 Mich App at 711, James could not have validly disposed of the property without Margaret's agreement.

Margaret did not, however, sign the 1993 quitclaim deed. Because that purported conveyance did not reflect her agreement, and because James could not legally convey the property without Margaret's agreement, the 1993 quitclaim deed was invalid. *Tkachik*, 487

Mich at 46; *Rogers,* 136 Mich App at 134; MCL 565.1 (conveyances of land by deed must be signed by the person from whom the interest is intended to pass).

## V.  CONCLUSION

For the reasons stated, the trial court erred by dismissing this action on the basis of res judicata.  Further, because res judicata did not apply, the trial court erred by denying plaintiff's motion for default judgment.  Moreover, the 1993 quitclaim deed was invalid as a matter of law, and Margaret consequently owns the entirety of the property pursuant to her survivorship of James as a tenant by the entirety.  The resulting default judgment as to Margaret therefore pertains to her 100% ownership interest in the property.

Reversed and remanded for entry of a default judgment against defendants.  We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Mark T. Boonstra