## FECTEAU *v.* FRIES.

1. MORTGAGES—PURCHASE-MONEY MORTGAGE—PRIORITY.
    Purchase-money mortgage recorded on same day has priority over
    another mortgage given by purchaser before acquiring title
    to one furnishing money to make cash payment, although latter
    was first recorded.

2. SAME—NOTICE.
    Person furnishing money to make cash payment and taking
    mortgage therefor from purchaser before latter had title must
    be held to have knowledge of giving of purchase-money mort-
    gage where represented at transaction when latter mortgage
    was given.

3. SAME—NOTICE—PRIORITY—ASSIGNMENTS.
    Where two mortgages covering same property were acknowl-
    edged and recorded same day, record disclosing that one was
    given to mortgagor's grantor and was in nature of purchase-
    money mortgage was sufficient to put assignee of other mort-
    gage on inquiry as to priority of mortgages.

4. SAME—ASSIGNMENTS.
    Assignee of mortgage has no greater rights than assignor.

Appeal from Wayne; Bell (Frank A.), J., presid-
ing. Submitted October 7, 1930. (Docket No. 25,
Calendar No. 35,112.) Decided January 7, 1931.

Bill by George Fecteau and another against
Harry A. Fries and others to foreclose a purchase-
money mortgage. Cross-bill by defendant Kate B.
Wolfenden to foreclose another mortgage. Each
mortgagee claimed priority. From decree granting
foreclosure of both but denying priority to either,
plaintiffs and defendant Wolfenden appeal. Modi-
fied and affirmed.

Priority of purchase-money mortgage over previous conveyance
of property by mortgagor, see annotation in 25 A. L. R. 92.

*Edward B. Benscoe (Herbert M. Eiges,* of counsel), for plaintiffs.

*Miller, Canfield, Paddock & Stone,* for defendant Wolfenden.

WIEST, J. The bill in this case was filed to foreclose a purchase-money mortgage. By cross-bill defendant Wolfenden asked foreclosure of another mortgage. Both mortgages were given by defendant Fries. Each mortgagee claims priority. The circuit judge held that both mortgages arose out of a single transaction; there was no priority, and decreed foreclosure of both and a division *pro rata* of the proceeds of sale. Both mortgagees appealed.

Defendant Fries desired to purchase several lots in the city of Detroit, owned by plaintiffs, and, requiring money to make part payment, applied to defendant Patterson for a loan, and, on the 6th day of August, 1926, was granted a loan of $7,500, and on that day executed a note and a mortgage to Patterson upon the land he expected to purchase. On the 11th day of August, 1926, at the noon hour, parties to the transaction, or their agents, met, and plaintiffs delivered to Fries a deed of the premises and Fries executed and delivered to them a purchase-money mortgage in the sum of $24,000. Mr. Patterson's representative was present, and at the same time Mr. Fries acknowledged execution of the Patterson mortgage. Mr. Fries at that meeting paid plaintiffs $5,000, obtained by him through the Patterson mortgage. The deed from plaintiffs to Fries and the mortgage from Fries to Patterson were recorded at one o'clock, and the purchase-money mortgage from Fries to plaintiffs was recorded 20 minutes later. Plaintiffs claim that their purchase-

money mortgage, known to be such by defendant
Patterson, takes priority regardless of time of re-
cording, also that the Patterson mortgage was ex-
ecuted before the mortgagor therein had title. De-
fendant Patterson, in September, 1926, assigned his
mortgage to defendant Wolfenden, and it is urged
that time of recording gives priority to the Patter-
son mortgage, and, also, that defendant Wolfenden
was a good-faith purchaser bound only by what the
registry record disclosed. We think plaintiffs' pur-
chase-money mortgage has priority.

When Fries executed the Patterson mortgage on
August 6, 1926, he had no title. Defendant Fries
applied to Patterson for a loan with which to pay a
part of the purchase price, and, before he acquired
title, executed a mortgage to Patterson. The legal
effect of this is stated in *Turk* v. *Funk*, 68 Mo. 18
(30 Am. Rep. 771). We quote from the syllabus:

"A mortgage given to a vendor to secure an un-
paid balance of purchase money of land and re-
corded on the same day, has priority of one which is
given by the vendee, before he has concluded the
purchase, to a person who furnishes him the money
to make the cash payment, notwithstanding the lat-
ter is recorded first."

The mortgage to Patterson could not insert itself
between the deed to Fries and the purchase-money
mortgage by Fries to plaintiffs. The holding in
*Dusenbury* v. *Hulbert*, 59 N. Y. 541, fits the case at
bar. We quote:

"The deed and Bowen (Fecteau) mortgage ex-
ecuted at the same time are to be construed together
as one instrument. They constitute an indivisible
act. There never was a moment between the seisin
and mortgage when LaGrange (Fries) could en-

cumber the estate to the exclusion of the latter, and it follows that a prior mortgage could not insert itself between them.''

The rule is well stated in a note in 25 A. L. R. p. 92, as follows:

''Where one who has conveyed before he had title gives a purchase-money mortgage upon acquiring the title, the cases agree that the title subsequently acquired does not inure to the benefit of the prior grantee or mortgagee, as against the holder of the purchase-money mortgage.''

In *United States* v. *Railroad,* 12 Wall. (U. S.) 362, the rule was stated as follows:

''A mortgage intended to cover after-acquired property can only attach itself to such property in the condition in which it comes into the mortgagor's hands. If that property is already subject to mortgages or other liens, the general mortgage does not displace them, though they may be junior to it in point of time. It only attaches to such interest as the mortgagor acquires; and if he purchase property and give a mortgage for the purchase-money, the deed which he receives and the mortgage which he gives are regarded as one transaction, and no general lien impending over him, whether in the shape of a general mortgage, or judgment, or recognizance, can displace such mortgage for purchase-money. And in such cases a failure to register the mortgage for purchase-money makes no difference. It does not come within the reason of the registry laws. These laws are intended for the protection of subsequent, not prior, purchasers and creditors.''

The law fixed the status of the two mortgagees, and registry could not and did not bring about any change.

Under the evidence, defendant Patterson must be held to have had actual knowledge of the giving and

the character of the mortgage to plaintiffs. Time of registry of the mortgages is not decisive of any issue here involved. The purchase-money mortgage to plaintiffs took effect instantaneously, and was entitled to priority on account of its being a part of one and the same transaction by which seisin was acquired by the mortgagor.

Defendant Fries was not at any time seized of the title in a manner that could inure to the benefit of the Patterson mortgage. There was no intention to vest the title free from incumbrances in defendant Fries. Mr. Patterson's mortgage was but revived subject to the mortgage for the purchase-money.

Plaintiffs' purchase-money mortgage, having been executed and acknowledged by defendant Fries on the same day that he acknowledged Patterson's mortgage, and both mortgages covering the same property, and the record disclosing at the time of the assignment of the Patterson mortgage to defendant Wolfenden that plaintiffs' mortgage was given to the mortgagor's grantor was sufficient to put defendant Wolfenden upon inquiry, and, had she inquired, she would have ascertained the fact that plaintiffs' mortgage was a purchase-money mortgage and the Patterson mortgage was executed before the mortgagor therein had title. Defendant Wolfenden has no greater rights than her assignor.

The decree in the circuit is modified to accord with this opinion. If, upon sale, there is a surplus, defendant Wolfenden, under her mortgage, may take to the extent of the sum due. Plaintiffs will recover costs against defendant Wolfenden.

BUTZEL, C. J., and CLARK, POTTER, SHARPE, and FEAD, JJ., concurred with WIEST, J. McDONALD and NORTH, JJ., concurred in the result.