**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED OCTOBER 22, 2002**

EILEEN V. GRAVES,

    Plaintiff-Appellant,

v                                                                No.  119977

AMERICAN ACCEPTANCE MORTGAGE
CORPORATION,

    Defendant-Appellee,

and

BOULDER ESCROW, INC., a Nevada Corporation,

    Defendant/Counter and Cross-Plaintiff-Appellee.

and

STEVE DIAZ,

    Defendant/Counter and Cross-Defendant.

_____

**PER CURIAM**

The issue before the Court is whether a purchase money mortgage has precedence over a prior recorded lien on the same property.  The Court of Appeals has held that it does. Because this determination conflicts with the priorities

established by our race-notice recording statutes, MCL 565.29 and 565.25, we reverse.

I

In 1987, a married couple, Eileen Graves and Steve Diaz, purchased, by land contract, a residence at 72 West End in Waterford. In 1994, they were divorced and, pursuant to the judgment of divorce, Diaz was awarded their interest in the property. Graves was to be reimbursed $7,504 by Diaz for certain arrearages traceable to child support, rental, and land contract payments for another property in Waterford. To provide security for the payments, Graves was given a lien on the property at 72 West End for $7,504 plus interest. She recorded the lien on September 7, 1994. Coincidentally, also on September 7, 1994, Diaz acquired a mortgage loan on the property from American Acceptance Mortgage Corporation. He used the proceeds of the mortgage to pay off the land contract and thereby obtained title to the property. American Acceptance recorded the mortgage on October 5, 1994. Before recording the mortgage, however, American Acceptance assigned its interest to Boulder Escrow, Inc., and Boulder recorded that assignment on April 13, 1995.

On January 11, 1996, because Diaz had defaulted on his mortgage obligations, Boulder published a notice of a public auction of the property. On January 12, 1996, Graves,

2

asserting a failure to perform as required under the divorce judgment, sued Diaz, American Acceptance, and Boulder to foreclose on her judgment lien. Boulder filed a cross claim against Diaz for defaulting on his mortgage obligation and a counterclaim against Graves asserting the priority of its mortgage interest over her judgment lien.

Both plaintiff Graves and defendants Boulder and American Acceptance moved for summary disposition on the issue of the priority of the mortgage. The circuit court ruled for Graves, holding that plaintiff's first-recorded lien was constructively known to defendants and, thus, under MCL 565.29, the lien had priority over the subsequent mortgage.

The Court of Appeals reversed this ruling, holding that, despite the language governing the priority of recorded real estate conveyances in MCL 565.29 and MCL 565.25, under the authority of *Fecteau v Fries,* 253 Mich 51; 234 NW 113 (1931), the mortgage was a purchase money mortgage that had priority over all other liens or interests, even those that were recorded previously. 246 Mich App 1; 630 NW2d 383 (2001).

II

This appeal involves consideration of a trial court's ruling on a motion for summary disposition, which is reviewed de novo on appeal. *Spiek v Dep't of Transportation,* 456 Mich 331, 337; 572 NW2d 201 (1998). The specific question we

3

review, whether a purchase money mortgage takes precedence over a previously recorded lien, presents an issue of law that is reviewed de novo. *Cardinal Mooney High Sch v Michigan High Sch Athletic Ass'n,* 437 Mich 75, 80; 467 NW2d 21 (1991). Determination of this question requires statutory interpretation, a matter that likewise is subject to de novo review. *Smith v Globe Life Ins Co,* 460 Mich 446, 458; 597 NW2d 28 (1999).

When interpreting statutes, our obligation is to determine the legislative intent by examining the words used by the Legislature. Where the statute is clear and unambiguous, "the statute speaks for itself," and there is no room for judicial construction. *Massey v Mandell,* 462 Mich 375, 379-380; 614 NW2d 70 (2000).

### III

The prioritization of encumbrances on property in Michigan is governed by statute. MCL 565.25 provided in relevant part:

> [T]he record of such levies, attachments, notices, lis pendens, sheriffs' certificates, marshals' certificates, and the original papers required by statute to be recorded to perfect such levies, attachments, notices, lis pendens and certificates on record in the office of the register of deeds, shall be notice to all persons, of the liens, rights and interests acquired by or involved in such proceedings, and *all subsequent owners or incumbrances shall take subject to such liens, rights or interests.* [Emphasis supplied.]

4

MCL 565.29 states, in relevant part:

> Every conveyance[1] of real estate within the state hereafter made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser in good faith and for a valuable consideration, of the same real estate or any portion thereof, whose conveyance shall first be duly recorded.

The clear import of these statutes, described as "race-notice" statutes, is that the first instrument concerning real estate to be recorded takes priority over later-recorded instruments of whatever sort. Nowhere do these statutes exempt purchase money mortgages from the "first-in-time" recording priority.

There is no dispute that plaintiff recorded her lien before the mortgage was recorded by American Acceptance. Under the clear terms of our "race-notice" statutes, this first-recorded instrument has priority over the subsequently recorded instruments regardless of the nature of the later encumbrance.

---

[1] Both the land contract and plaintiff's lien on that contract are conveyances as that term is defined in MCL 565.35:

> The term "conveyance" as used in this chapter, shall be construed to embrace every instrument in writing, by which any estate or interest in real estate is created, aliened, mortgaged or assigned; or by which the title to any real estate may be affected in law or equity, except wills, leases for a term not exceeding 3 years, and executory contracts for the sale or purchase of lands.

However, defendants contend, and the Court of Appeals has agreed, that the later-recorded instrument was a purchase money mortgage and, as such, must be given priority over all other encumbrances—even those that were previously recorded. This argument is predicated not on the statute, but on a reading of our case law—in particular, *Fecteau, supra*. This reliance on *Fecteau*, rather than on the statute, is not justified.

*Fecteau* involved a priority dispute between two mortgages given by the defendant on the same property. The first mortgage was given *before* the defendant had title to the property in order to obtain the down payment on the property from a third party. The second mortgage was a purchase money mortgage given to the seller to secure payment of the balance of the purchase price. Although the first mortgage was recorded before the purchase money mortgage (by twenty minutes), this Court held that the purchase money mortgage had priority over the first mortgage "on account of its being a part of one and the same transaction by which seizin was acquired by the mortgagor." *Id*. at 55.

The *Fecteau* Court concluded, in part, that it did not have to consider the effect of the recording statutes because there was actual knowledge of the execution of encumbrances by all who could have relied for a defense upon the recording

6

statutes. Thus the Court considered extrastatutory authorities such as decisions by foreign courts, ALR discussions, and United States Supreme Court case law to reach its conclusion. Regardless of the merits of the policy advanced by the authorities cited in *Fecteau,* because we do not have a factual situation that implicates actual knowledge defenses to lack of recording, we must rely on the recording statutes. Thus, we are not bound by the *Fecteau* analysis.

In sum, our Legislature has decided to afford preference to the first-in-time recorded encumbrance without giving any special preference to purchase money mortgages. It is our responsibility to enforce that legislative policy decision in accordance with the statute's plain language. *Lesner v Liquid Disposal, Inc,* 466 Mich 95, 105; 643 NW2d 553 (2002).

Accordingly, we conclude that under the dispositive language of the statute, plaintiff's first-recorded lien on the land contract took priority over the subsequently recorded purchase money mortgage. We reverse the decision of the Court of Appeals and remand this case to the trial court for reinstatement of the order granting summary disposition to plaintiff.

CORRIGAN, C.J., and CAVANAGH, WEAVER, KELLY, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.