TOWNSEND v CHASE MANHATTAN MORTGAGE CORPORATION

Docket No. 234212. Submitted November 5, 2002, at Grand Rapids. Decided November 15, 2002, at 9:15 A.M.

James R. Townsend brought an action in the Calhoun Circuit Court against Chase Manhattan Mortgage Corporation, seeking to have a mortgage foreclosure set aside. The plaintiff and his mother had purchased the mortgaged realty as joint tenants with full rights of survivorship, a fact indicated in the purchase agreement and the deed. However, only the plaintiff's mother had executed a mortgage in favor of Amerifirst Home Mortgage, which eventually assigned its interest to the defendant. Following the death of the plaintiff's mother, the defendant foreclosed on the mortgage for nonpayment. On cross-motions for summary disposition, the court, Allen L. Garbrecht, J., denied the plaintiff's motion, ruling it premature because only forty-five of 217 days of discovery had elapsed. The court, however, granted the defendant's motion, ruling that the defendant's security interest survived the death of the plaintiff's mother. The plaintiff appealed the grant of summary disposition for the defendant.

The Court of Appeals *held*:

Where the conveyance includes express words of survivorship, what is created is a joint life estate with dual contingent remainders (i.e., a contingent remainder in fee to the survivor). Thus, in this case, the plaintiff's mother's interest in the realty was that of a life estate coupled with a contingent remainder interest in fee. The defendant had a mortgage against the plaintiff's mother's interest. Once the plaintiff's mother's interest was extinguished upon her death, the mortgage was terminated and the defendant was left holding an unsecured note.

Reversed and remanded.

PROPERTY — JOINT TENANTS WITH FULL RIGHTS OF SURVIVORSHIP — MORTGAGES — FORECLOSURE.

Two persons holding a deed to realty as joint tenants with full rights of survivorship each has a life estate with a contingent remainder in fee to the survivor; where only one joint tenant executes a mortgage in favor of a lender, the lender's security interest in the realty does not survive the death of the mortgagor and the mortgagee

thus cannot foreclose on the mortgage after the death of the mortgagor.

*Dobbins, Beardslee, Grinage & Clore, P.C.* (by *Michael L. Clore*), for the plaintiff.

*Plunkett & Cooney, P.C.* (by *Jeffrey C. Gerish* and *Robert A. Callahan*), for the defendant.

Before: MURPHY, P.J., and SAWYER and R. J. DANHOF*, JJ.

SAWYER, J. Plaintiff appeals from an order of the circuit court granting summary disposition to defendant on plaintiff's complaint to set aside a foreclosure sale. We reverse and remand.

Plaintiff and his mother, Donna Townsend, purchased certain real property in Calhoun County "as joint tenants with full rights of survivorship" on August 7, 1995. For reasons not readily apparent, Mrs. Townsend alone executed a mortgage on that same date in favor of Amerifirst Home Mortgage. Plaintiff was not a party to the mortgage. Thereafter, Amerifirst transferred its interest to defendant.

Following Mrs. Townsend's death in 2000, plaintiff made no payments on the mortgage, instead notifying defendant that the mortgage did not survive his mother's death. Eventually, defendant foreclosed on the mortgage and conducted a foreclosure sale. Plaintiff then filed the instant action, seeking to have the foreclosure set aside.

The parties filed cross-motions for summary disposition, plaintiff under MCR 2.116(C)(10) and defendant under MCR 2.116(C)(8). The trial court sum-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

marily denied plaintiff's motion, indicating that it was premature because nearly two hundred days of discovery remained. The trial court did, however, grant defendant's motion, opining as follows:

> It's just inconceivable to me that a plaintiff could prevail here, and this note and mortgage would be for naught because Mrs. Townsend, that was her name, passed away along the way.
>
> It just—the mortgage, as indicated, Paragraph 12 clearly states that the assigns and successors in interest are bound. The mortgage is the security. They didn't loan this money to Mrs. Townsend just as an unsecured creditor, and willing to take a risk on a 30-year mortgage that if she passes away, their interest in the property will be extinguished. That mortgage, it seems to me, secures an interest in the property, not in Mrs. Townsend, and what have you.
>
> And that security interest, it seems to me, I'm convinced, reading the statute that's been cited and the case law, that that security interest continues on upon her death. It would be a windfall. It would be an absolute windfall, for starts, if that were the criteria here for James Townsend to get this property debt free, simply because of the unfortunate death of his relative, mother, or whoever it is.
>
> But it doesn't even reach that point of being an issues [sic] of equities and what have you. I am convinced that from a legal perspective, this obligation, this mortgage and note in her name continued on, did not terminate as a matter of law upon the death of Mrs. Townsend, and continues to be an obligation.

First, the trial court's analysis contains a fundamental flaw: that plaintiff argues that the promissory note (i.e., the debt itself) terminated at his mother's death. Plaintiff does not argue that the debt itself was extinguished or that defendant could not have collected the debt against Mrs. Townsend's estate were it sufficiently solvent to pay the debt. Rather, plaintiff

merely argues that, because he was joint tenant with full rights of survivorship, he became sole owner in fee simple by operation of law upon Mrs. Townsend's death and, because he was not a party to the mortgage, the mortgage was effectively terminated at her death because her estate had no interest in the property. This case does not involve the question whether a security interest survives death where the secured property becomes an asset of the debtor's estate.

It is settled law in Michigan that, while survivorship rights in an ordinary joint tenancy may be destroyed by an act that severs the joint tenancy, survivorship rights cannot be destroyed where the grant is to "joint tenants with right of survivorship" (or some reasonable variation in wording). *Albro v Allen*, 434 Mich 271, 287; 454 NW2d 85 (1990). Thus, where the conveyance includes express words of survivorship, what is created is a joint life estate with dual contingent remainders (i.e., a contingent remainder in fee to the survivor). *Id.* at 277. Thus, no act of a co-tenant can defeat the other co-tenant's right of survivorship.

In the case at bar, plaintiff did not encumber his interest in the property. Plaintiff's name was on both the purchase agreement and the deed, therefore defendant's predecessor in interest, Amerifirst Home Mortgage, was presumably aware of plaintiff's interest in the property but, for whatever reason, did not require that plaintiff pledge his interest in the property. Further, there is no indication that Mrs. Townsend had the authority to pledge her son's interest in the property.

The trial court relies on the provision in the mortgage that binds the mortgagor's successors and assigns. What the trial court overlooks is that plaintiff

is neither a successor nor an assign. That is, plaintiff's interest in the property was not created by an assignment from his mother nor was he otherwise a successor in interest to his mother—he is not his mother's estate nor, for that matter, did he inherit the property. Rather, his interest was created at the same time as was his mother's interest. Indeed, unity of time is one of the four unities that characterize a joint tenancy. *Albro, supra* at 274. Both plaintiff and his mother had the same interest in the property, created at the same time: a life estate with a contingent remainder in fee.

Defendant cites a number of cases that generally hold that a contractual obligation survives death and binds the estate. Again, however, the obligation of Donna Townsend's estate is not at issue. We do not hold, nor does plaintiff argue, that Mrs. Townsend's estate is not liable on the note executed by Mrs. Townsend. All we hold is that plaintiff is not liable on the mortgage because he was not a party to the mortgage, therefore the mortgage was effectively terminated by Mrs. Townsend's death because her interest in the property was extinguished with her death. Simply put, while the debt became an obligation of the estate, the property did not become an asset of the estate.

Defendant also relies on our decision in *Graves v American Acceptance Mortgage Corp*, 246 Mich App 1; 630 NW2d 383 (2001), wherein we held that a purchase money mortgage took priority over a previously recorded lien. However, this case was recently reversed by the Supreme Court. *Graves v American Acceptance Mortgage Corp*, 467 Mich 308; 652 NW2d 221 (2002).

Defendant further argues that it should have an equitable lien or mortgage on the property. We disagree. Most equitable mortgage cases appear to involve treating what on its face is an absolute conveyance as a mortgage.[1] See, e.g., *Judd v Carnegie*, 324 Mich 583, 585; 37 NW2d 558 (1949). However, defendant does direct our attention to *Schram v Burt*, 111 F2d 557 (CA 6, 1940), wherein the court used the equitable mortgage doctrine to obligate a party on a mortgage that the party had not executed. However, the facts in *Schram* differ materially from the case at bar. Mr. and Mrs. Burt acquired a vacant lot upon which they built a house. Mr. Burt procured a mortgage to pay for the project. After Mr. Burt's death, it was discovered that Mrs. Burt had never signed or executed the mortgage, Mr. Burt having apparently signed his wife's name to the documents. Mrs. Burt took the position that, because the property had been held by the entireties, she became sole owner of the property upon her husband's death free of the mortgage. Ultimately, the court applied the equitable mortgage doctrine on the basis that Mrs. Burt had authorized Mr. Burt to act as her agent in managing the house-building project, and specifically with respect to the loan. *Id.* at 562. Additionally, the court noted that there was no reason for the bank not to believe that it was either Mrs. Burt's signature on the mortgage or, at least, that she had authorized her husband to sign on her behalf. *Id.* at 564.

---

[1] For example, Smith owes money to Jones and gives a deed for Blackacre to Jones, the parties intending that Jones will reconvey the property to Smith after Smith pays the debt he owes to Jones. The courts will treat this as an equitable mortgage rather than as an absolute conveyance.

By contrast, in the case at bar, defendant makes no showing that Mrs. Townsend was acting as plaintiff's agent or that the mortgage company had any reason to believe that plaintiff was a party to the mortgage. That is, while in *Schram* the court concluded that the mortgage company had no reason to believe at the time of advancing the funds that Mrs. Burt had not executed the mortgage, in the case at bar the mortgage company had no reason to believe that plaintiff had executed the mortgage.

However, the case does not fit into the mold of treating a conveyance as a mortgage, as in *Judd,* nor in reforming a failed mortgage, as in *Schram.*[2] The only equity that defendant seeks to have done here is to save defendant from the mistake of the original mortgagee in not insisting that plaintiff pledge his interest in the property to secure the loan, a mistake

---

[2] Another failed mortgage case relied on by defendant, *Hill v Hill,* 185 Kan 389; 345 P2d 1015 (1959), does come closer to matching the facts of this case. In *Hill,* a husband and wife purchased property and part of the purchase price was supplied by the husband's son in the form of a loan. The husband executed a promissory note that listed the terms of the loan, as well as acknowledging that the proceeds of the loan were to be used to make the "first payment" on the property and that the son was to have an interest in the property to the extent of the loan. The note was signed by the husband alone. After the husband's death, the son sought to enforce the loan against his stepmother (the property had been titled as joint tenants with the right of survivorship). We do not find the *Hill* case to be persuasive, however. First, the promissory note indicated only that the property was bought by the husband, while in the case at bar it was clear to the mortgage company the property was purchased by both plaintiff and his mother. Morever, in *Hill* the lender was a private party, not a commercial lender.

*Hill* also coupled the purchase money mortgage principle with the equitable mortgage principle, essentially closing the promissory note as an equitable purchase money mortgage. However, for the reasons stated in the discussion of the purchase money mortgage issue, we do not agree that the purchase money mortgage principle should apply to contingent remainder interests of owners who were not parties to the mortgage.

that defendant could easily have discovered by comparing the names on the deed with the names on the mortgage before it purchased the mortgage. We think it insufficient to invoke equity to save the mortgagee from its own mistake, particularly where the mortgagee is a sophisticated commercial lender.

Finally, defendant brings forth a "parade of horrors" that would allegedly occur if we accept plaintiff's position, such as lenders becoming unwilling to grant mortgages to individuals over forty years old, or requiring a physical examination to determine life expectancy before granting a mortgage. Defendant's argument, and the trial court's analysis for that matter, overlooks a very simple fact: defendant's predecessor in interest could have avoided this problem simply by having plaintiff pledge his interest in the property to secure the mortgage. In which case, the property would have remained encumbered by the mortgage even after Mrs. Townsend's death.

In sum, Mrs. Townsend's interest in the property was that of a life estate coupled with a contingent remainder interest in fee. Defendant had a mortgage against that interest. Once that property interest was extinguished, the mortgage was terminated and defendant was left holding an unsecured note.

As for the trial court's denial of plaintiff's motion for summary disposition, a motion under MCR 2.116(C)(10) is generally premature if discovery has not closed, unless there is no fair likelihood that further discovery would yield support for the nonmoving party's position. *American Community Mut Ins Co v Comm'r of Ins*, 195 Mich App 351, 363; 491 NW2d 597 (1992). In the case at bar, the trial court dismissed plaintiff's motion out of hand as premature, noting

that the case was only forty-five days into a 217-day discovery period. While it is not clear to us what facts defendant anticipates being able to develop to support its position, we cannot say that the trial court erred in concluding that plaintiff's motion was premature.

The trial court's grant of summary disposition to defendant is reversed and the matter is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full.